UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

_____X

| | |
|---|---|
| WILLIAM HERLIHY, | CIVIL ACTION |
| Plaintiff | NO. |
| VS. | |
| NATIONAL RAILROAD PASSENGER CORPORATION, | |
| Defendant | |

_____X

## COMPLAINT

### NATURE OF ACTION

1. The Plaintiff brings this action against defendant National Railroad Passenger Corporation (hereinafter "Amtrak" or "Railroad") for injuries suffered by him while a passenger on defendant Railroad's train.

### JURISDICTION

2. This Court has subject matter jurisdiction of plaintiff's claims against Amtrak under 28 U.S.C. § 1331 because Amtrak was created by an Act of Congress, 49 U.S.C. § 24101 *et seq.*, and more than half of its corporate stock is owned by the federal government. See 28 U.S.C. § 1349; *Nat'l R.R. Passenger Corp. v. Roundtree Transp. And Rigging Inc.*, 286 F.3d 1233, 1259 n25 (11th Cir. 2002); *Aliotta v. Nat'l R.R. Passenger Corp.*, 315 F.3d 756, 758 n1 (7th Cir. 2003); *Stark-Romero v. Nat'l R.R. Passenger Corp.*, 763 F.Supp.2d. 1231, 1286-87 (D. N.M. Jan 12, 2011).

## PARTIES

3. The Plaintiff is domiciled in New Jersey.

4. At all times relevant hereto, Defendant Amtrak is a District of Columbia Corporation and operates an Interstate Railroad between Washington, D.C. and New Haven, Connecticut and is qualified to do business in each state in which Amtrak carries out an activity.  49 U.S.C. § 24301 (b).

## FACTS

5. At the time the Plaintiff received the injuries complained of, he was a passenger in the third car on Amtrak train 188 in Philadelphia, Pennsylvania.

6. On or about May 12, 2015, the Plaintiff was a passenger on Amtrak train 188 in Philadelphia which, yard, lines, tracks, rails, engines, trains, Automatic Train Control System, and all other equipment and appliances appurtenant thereto were owned and/or operated and/or controlled and/or maintained by the defendant Railroad.

7. On May 12, 2015 at 9:21 p.m., northbound passenger train 188 derailed and crashed in Philadelphia after entering a curve at 106 mph where the speed limit was 50 mph.

8. On the parallel track for southbound trains, the defendant Railroad was using the Automatic Train Control System (ATC) which would automatically engage the emergency brakes on a train operating at an excessive speed. The defendant Railroad knew or should have known that the ATC on the northbound track was not being used to protect trains exceeding the speed limits.

9. The defendant Railroad, its agents, servants, or employees were negligent in whole or in part in one or more of the following ways:

a) it failed to activate circuits to protect the northbound track so that the existing Automatic Train Control System (ATC) would engage train 188's emergency brakes before it entered its final deadly curve; and/or

b) it failed to observe the speed limit on the track and operated the train at an excessive and deadly speed; and/or

c) it failed to apply the brakes in a timely manner; and/or

d) it failed to properly reduce speed limits approaching a critical curve; and/or

e) it failed to act in a reasonably prudent manner under the facts and circumstances surrounding the accident.

11. As a result of the negligence of the defendant Railroad, its agents, servants, or employees, to use reasonable care to provide the Plaintiff with a safe train ride, the Plaintiff sustained a head injury and concussion, chondral fracture of the right humeral head, long head bicep tendon tears of the right arm, full thickness tear of his right rotator cuff, right acromioclavicular joint arthrosis and impingement, and surgery on his right shoulder on June 18, 2015.

12. As a result of the negligence of the defendant Railroad, its agents, servants, or employees, to use reasonable care to provide the Plaintiff with a safe train ride, the Plaintiff incurred lost wages and benefits, suffered physical pain, mental anguish, and loss of enjoyment of life's activities and will continue to do so in the future, suffered permanent scarring and disfigurement, and has an impairment to his future earnings capacity.

WHEREFORE, in order to fairly and justly compensate the negligently injured plaintiff and thereby promote safe operating conditions on the defendant Railroad, the plaintiff demands a judgment for monetary damages against the defendant Railroad in addition to any further relief the Court deems just and equitable.

PLAINTIFF DEMANDS TRIAL BY JURY.

By his attorneys,

By _____
George J. Cahill, Jr. (ct04485)
CAHILL & PERRY, P.C.
43 Trumbull Street
New Haven, Connecticut 06510
Telephone: (203) 777-1000
Fax: (203) 865-5904
cahill@trainlaw.com